The order below is hereby signed.

Signed: May 15, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
HOUSE OF WINES, INC.,                )    Case No. 06-00127
                                     )    (Chapter 7)
            Debtor.                  )    (Not for Publication in
                                     )    West's Bankruptcy Reporter)

MEMORANDUM DECISION AND ORDER TO SUPPLEMENT OBJECTION TO
PROOF OF CLAIM OF VEND LEASE COMPANY, INC.

The trustee has filed an objection (Docket Entry No. 62) to the proof of claim (Claim Number 17) filed on June 13, 2006, on behalf of Vend Lease Company, Inc., in the amount of $6,538.23. The trustee asserts, upon information and belief, that the claimant compromised its claim by accepting $5,000 from the debtor's guarantor. He asserts in the alternative that even if this payment was not in full satisfaction of the claim, the claimant should be required, within 10 days of entry of the order disallowing the claim, to amend its claim to reflect the payment received. The debtor's schedules reflected a debt owed to the claimant in excess of $6,000. I thus surmise that any payment by the guarantor occurred postpetition.

I

The claimant's failure to respond to the objection to claim is insufficient to sustain the trustee's objection to the claim. The trustee must file an affidavit or affidavits (or otherwise adduce evidence) rebutting any prima facie validity of the claim. A properly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." F.R. Bankr. P. 3001(f). Essentially, Rule 3001(f) treats a proof of claim, executed under penalty of perjury, as the equivalent of an affidavit supporting the creditor's claim, casting the burden on the objecting party to adduce contrary evidence.

Under Rule 3001(f), the court may direct that the objector file affidavits to overcome the prima facie evidence of the validity and amount of a claim. See Garner v. Shier (In re Garner), 246 B.R. 617 (9th Cir. B.A.P. 2000); In re Nejedlo, 324 B.R. 697, 701 (Bankr. E.D. Wis. 2005) (evidence rebutting prima facie validity of claim may come "in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections," citing Garner). The trustee has not contended that Rule 3001(f) is inapplicable to the proof of claim.

Moreover, a debtor bears the burden of proof on the affirmative defense of payment of a debt. See Weidenfeld v. Pacific Imp. Co., 43 F.2d 817, 820 (2d Cir. 1930); Haughton v.

Haughton, 394 N.E.2d 385, 390 (Ill. 1979); Petter v. Jackson, 298 S.W.2d 289 (Ky. 1957).  Furthermore, the Federal Rules of Bankruptcy Procedure were not intended to alter burden of proof rules.  Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15 (2000). Finally, partial payment would not satisfy the entire debt absent an agreement to the contrary.  Even if there was such an agreement, the result would not be that the claim is invalid but that the guarantor would step into the shoes of the creditor by way of subrogation under 11 U.S.C. § 509(a) unless some ground exists under § 509(b) for barring such subrogation.  Accordingly, the trustee would need to adduce evidence showing that there is no such right of subrogation if the debt has been fully satisfied.

II

If the guarantor's payment was made, but did not satisfy the entire debt, then the trustee's alternative ground of objection appears unsound.  Presumably the gurantor's payment gave rise to a right of reimbursement or contribution (or a right to be subrogated to Vend Lease Company, Inc.'s rights).  Under 11 U.S.C. § 509(c), however, the court must subordinate to the claim of Vend Lease Company, Inc. and for the benefit of Vend Lease Company, Inc., any allowed claim that the guarantor has by way of subrogation or for reimbursement or contribution.  In other words, the guarantor's claim is disallowed until the claim of the

3

Vend Lease Company, Inc., as the primary obligee, has been paid in full.  As stated by the District Court in <u>Washington Bancorporation v. F.D.I.C. (In re Washington Bancorporation)</u>, 1996 WL 148533, * 18 (D.D.C. March 19, 1996) (Lamberth, J.):

> The principle applied by the court in this case is simply that a bankruptcy claim is not reduced or impaired by subsequent payments received from third party obligors until such claim has been satisfied in full.  See, e.g., <u>In re Realty Assocs. Securities Corp.</u>, 66 F. Supp. 416, 424 (E.D.N.Y. 1946) ("But it has been conclusively settled that ... the holder of a claim upon which several parties are liable may prove its entire claim against the estate of any who become bankrupt and recover dividends calculated on the basis of such entire claim as it existed when the petition was filed, without regard to partial payments made by other obligors until from all sources it has been paid in full."); <u>In re Coastland Chrysler Plymouth, Inc.</u>, 76 B.R. 212, 213 (Bankr. S.D. Fla. 1987) (applying the principle to claims against the bankrupt in the face of partial payment by surety); <u>In re Sacred Heart Hosp. of Norristown</u>, 182 B.R. 413, 417-18 (Bankr. E.D. Penn. 1995); <u>In re Gessin</u>, 668 F.2d 1105, 1107 (9th Cir. 1982). . . . FDIC-C, as assignee of the commercial paper claimants, is entitled to assert the full amount of the commercial paper claims until it receives full satisfaction of the claims.

Presumably once the creditor has received a full satisfaction, it is entitled itself to no further distribution.  However, 11 U.S.C. § 509(a) subrogates a guarantor who has paid a claim to the rights of the creditor, so at that juncture, the guarantor would step into the shoes of the creditor as to the balance of payments owed on the filed proof of claim.  Perhaps the trustee could make such payments to the creditor who would hold the excess distributions in trust for the guarantor.  <u>See</u> <u>In re</u>

Realty Assocs., 66 F. Supp. at 423 (creditor may receive excess payments and then is to hold them in trust for the guarantor), citing Swarts v. Fourth Nat'l Bank, 117 F. 1, 12-13 (8th Cir. 1902) (same).  But that is an academic issue unless distributions from the estate will be sufficient to result in a full satisfaction of the creditor's claim (when added to the payment the guarantor made).  The trustee has not stated an estimate of the percentage distribution that would be made to creditors.

    In accordance with the foregoing, it is

    ORDERED that within 35 days after entry of this order, the trustee shall file and serve on the affected creditor an affidavit or affidavits (or a request for a hearing at which he may present evidence) demonstrating that no claim is owed.  It is further

    ORDERED that to the extent the trustee fails to file an affidavit or a request for a hearing regarding the claim, the court will overrule the objection as to the claim without prejudice to a renewed objection to the claim.

                            [Signed and dated above.]

Copies to: Kevin R. McCarthy, Trustee; Office of U.S. Trustee; Debtor; Debtor's Attorney; and:

    Vend Lease Company, Inc.,
    Attention: Todd G. Sukeena, Credit Manager
    P.O. Box 9553
    Rosedale, MD 21237-0553