The decision below is signed as a decision of the court.

Signed: June 26, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HOUSE OF WINES, INC., | ) | Case No. 06-00127 |
| | ) | (Chapter 7) |
| Debtor. | ) | (Not for Publication in |
| | ) | West's Bankruptcy Reporter) |

MEMORANDUM DECISION REGARDING CHAPTER 7
TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF SUBURBAN PROPANE

The chapter 7 trustee has filed an objection (Docket Entry No. 64) to the proof of claim (Claim No. 34) filed on September 21, 2006, on behalf of Suburban Propane in the amount of $1,663.72. Suburban Propane has not filed an opposition.

I

The proof of claim attached a "Transaction Report" showing recurring charges relating to 39.50 "Units" entailing "Ppu" (presumably meaning propane per unit) of either 4.6319 or 4.0000, with corresponding dollar amounts of, respectively, $190.86 and $165.90. The Transaction Report shows that each such charge (plus an applicable "regulatory fee") was paid in full before the

debtor incurred the next such charge.[1]  This is not a pattern of cash on delivery ("COD") as the trustee asserts in contending that all bills had been paid, but rather is a requirement that the previous delivery be paid in full before the next delivery would be made.  The Transaction Report shows that on May 1, 2006, nine days before this bankruptcy case commenced, the debtor incurred a charge of this nature in the amount of $190.86, and a related regulatory fee of $2.86, for a total charge of $193.72.[2]  The Transaction Report also shows that this amount was never paid.[3]

The trustee's objection to the proof of claim states his belief that the claim is for unreturned propane cylinders:

> Propane charges generally were paid by the Debtor on a COD basis and were around $190 per delivery.  The Trustee will withdraw or amend the objection as appropriate if the claimant

---

[1] Each of the recurring charges (of either $190.86 or $165.90) is described as "ENGINE/FORKLIFT-CYL EXC," with "CYL EXC" presumably meaning cylinder exchange, and there is a separate line for the associated "REGULATORY FEE" of the same date.

[2] The Transaction Report lists four additional "ENGINE/FORKLIFT-CYL EXC" events with event dates of July 3, 10, and 17, 2006, and August 14, 2006 (all after the bankruptcy case commenced), but lists no "Units" and lists no charges for those events.  I thus treat these entries as meaningless.

[3] The Transaction Report includes a final entry of 08/21/2006 of "DOUBTFUL" with a negative amount charged to the account equal to the outstanding balance, but this presumably was a write-off of the account for accounting purposes as of doubtful collectability.

> provides him satisfactory evidence that all or
> a portion of the claim is for propane.

(Obj. n.1.)  As discussed above, the claim on its face shows that at least $193.72 of the claim was for the type of recurring propane charges that had been incurred in the past, and that the $193.72 was not paid COD.  The trustee has not filed an affidavit to rebut the prima facie validity of the proof of claim in this regard.  Accordingly, I will require the trustee to supplement his objection to this $193.72 of the claim.

## II

The Transaction Report lists an additional charge of $1,470.00, under "Event Date" date of July 19, 2006, more than a month after this bankruptcy case commenced.  The charge is described as "Labor," but does not explain what the labor was.  As already noted, the trustee believes the entire claim is based on unreturned propane cylinders.  The trustee states:

> The Debtor's general manager notified the claimant that it should pick up all cylinders prior to the vacating of the Debtor's premises (which occurred as of June 30, 2006) and was told that pick up would be made, but pick up did not in fact occur. In addition, on August 4, 2006[,] the Trustee notified the claimant in writing of the name and phone number of the landlord so that the claimant could find out if any cylinders still remained on the premises. Based on the foregoing, the Trustee believes that the claimant was afforded a reasonable opportunity to pick up unreturned cylinders and does not have a valid claim for any charges due to unreturned cylinders.

(Obj. 1.)  However, the proof of claim, taken at face value,

3

states instead a charge of $1,470.00 for "labor" occurring on July 19, 2006.[4]  Because the labor occurred postpetition, the charge appears to be administrative in character, and if it indeed is an administrative claim, it ought to be pursued via a motion for allowance of an administrative claim, and not via a proof of claim (the use of which is limited, in relevant part, to assertion of claims that arose prepetition).

Rule 3001(a) requires that a proof of claim conform substantially to the applicable Official Form.  That Official Form requires a statement of the basis of the claim.  Here, the proof of claim indicated that it was based on goods sold, and attached the Transaction Report without setting forth a basis for treating the postpetition event of "labor" as a claim that arose prior to the petition date.

A claim that was contingent on the petition date, or that arises from the postpetition rejection of an executory contract or lease, is entitled to be treated as a prepetition claim, and *should* be pursued via a proof of claim, *not* a motion for payment of an administrative claim.  Here, however, the proof of claim gives no basis for viewing "labor" on the postpetition "event date" of July 19, 2006, as somehow a claim that was contingently

---

[4] If the charge was instead for unreturned propane cylinders, the court would have to resolve the difficult issue of whether the claim is an administrative expense pursuable by way of motion or a right to payment arising prepetition, which must be pursued by way of proof of claim.

4

in existence on the petition date or as arising from rejection of an executory contract or lease.

All we know is that Suburban Propane provided postpetition services ("labor"), and the proof of claim provides no basis for treating that as a part of a prepetition obligation.  Without the proof of claim stating a basis in accordance with the Official Form that would support treating the claim as a prepetition claim, I do not believe that the proof of claim has been filed in accordance with Rule 3001(a).  The trustee is entitled to treat postpetition services as a claim not arising prepetition unless the claimant's proof of claim (or evidentiary proof) states a basis for treating the claim as arising prepetition.

A claim is entitled to a presumption of validity under Rule 3001(f) only when the proof of claim is "executed and filed in accordance with these rules."  Accordingly, the "labor" claim is not entitled to a presumption of validity because the proof of claim sets forth no basis for treating it as a prepetition claim. That does not provide a basis for disallowing the claim, but it does rob the claim of any presumptive validity.  Once robbed of the presumption of validity, the trustee is not put to the burden of adducing evidence to rebut the proof of claim, and the proof of claim can be disallowed based on the failure of Suburban Propane to respond to the objection to claim.  Unless the proof of claim were amended to show a basis for treating the claim as a

prepetition claim, I would sustain the trustee's objection to the claim based on the foregoing.

However, Suburban Propane was not given notice that its claim for labor would be disallowed on that basis, and, although it failed to respond to the objection to its labor claim, it may have assumed that the labor claim was entitled to a presumption of validity and that before disallowing the labor claim, the court would require proof by the trustee showing that no claim was owed.  Accordingly, before I finally enter an order disallowing the claim for labor, I will give Suburban Propane thirty days to file an amended proof of claim setting forth the basis of its claim in greater detail to demonstrate that the claim should be treated as a prepetition claim.[5]  (Before the case is closed, Suburban Propane may alternatively file a motion, through counsel, seeking payment of an administrative claim if the claim is instead administrative in character.)

---

[5]  A proof of claim for a claim based on a writing must be accompanied by a copy of the writing giving rise to the claim (or a statement describing the circumstances of the loss or destruction of the writing).  Fed. R. Bankr. P. 3001(c).  If the proof of claim does not comply with Rule 3001(c), then the claim is not entitled to a presumption of validity.  If there was a written lease or written executory contract that gave rise to the claim, or other written terms governing the relationship and giving rise to the claim, the writing should be attached to the proof of claim.

6

III

For the reasons set forth above, I will enter an order (1) directing the chapter 7 trustee to supplement his objection with respect to Suburban Propane's $193.72 claim for "ENGINE/FORKLIFT-CYL EXC" and related "REGULATORY FEE" (or otherwise show cause in writing why the court ought not overrule that portion of his objection), and (2) directing Suburban Propane to file an amended proof of claim clarifying the nature and timing of its $1,470.00 claim for "LABOR" (or otherwise show cause why the court ought not sustain the trustee's objection with respect to that portion of its claim).

[Signed and dated above.]

Copies to: Kevin R. McCarthy, Trustee; Office of U.S. Trustee; Debtor; Debtor's Attorney; and:

    Suburban Propane
    Attention: T. Brewster
    Credit & Collections (Account No. 1112-450205)
    P.O. Box 206
    Whippany, NJ 07981